**Ex parte Michael Ray SOWELL.**

No. 72937.

Court of Criminal Appeals of Texas.

Nov. 26, 1997.

Stephen M. Orr, Austin, for appellant.

Charles Kimbrough, Dist. Atty., Lockhart, Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

PER CURIAM.

This is an application for a writ of habeas corpus forwarded to this Court by the District Clerk pursuant to Article 11.07, § 3, V.A.C.C.P. Applicant was convicted of the offense of possession of cocaine and punishment was assessed at confinement for twenty

years. No appeal was taken from this conviction.

In his present application it is alleged that he was not informed of his right to appeal from a pre-trial Motion to Suppress evidence which had been ruled on prior to his entry of a guilty plea. He contends that he did not knowingly waive his right to an appeal and, had he known of such right, he would have exercised it.

This is Applicant's second habeas corpus attack on this conviction filed pursuant to Article 11.07, the first being denied on August 30, 1995 by this Court. The instant application was filed in the District Clerk's Office of Caldwell County on September 25, 1996. Article 11.07, § 4, V.A.C.C.P., in pertinent part, reads:

Sec. 4. (a) If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:

(1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

\* \* \* \* \* \*

(b) For purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the legal basis was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state on or before that date.

(c) For purposes of Subsection (a)(1), a factual basis of a claim is unavailable on or before a date described by Subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

The present application contains the following:

This is Sowell's second application for post-conviction writ of habeas corpus. The issues raised in this application has [sic] not been previously raised.

The current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under article 11.07 of the Texas Code of Criminal Procedure because the factual and legal basis for the claims were unavailable on the date Sowell filed the previous application. The factual basis of this claim, to-wit, that Sowell was denied an appeal because the Court and Sowell's attorney informed that he had no right to appeal, was not ascertainable to Sowell through the exercise of reasonable diligence on or before that date.

While this statement tracks the statutory language set out above the application does not include "sufficient specific facts establishing" one of the exceptions to the section. The above quoted excerpt is merely a recitation of the statute, it is not self proving. It does not purport to set out any facts showing entitlement to consideration.

The application itself contains no such facts. Indeed, the first application alleged that Applicant was accorded ineffective assistance of counsel due to the allegation that counsel told him he could not appeal the Motion to Suppress. While he now alleges that the trial court also told him he could not appeal, he alleges that such misstatement occurred at trial. Such a statement, if made, was certainly available at the time of the last application.

Section 4 plainly requires that the application contain facts which establish an exception, not merely a recitation of the statutory language. Since the present application contains no such facts this Court has no power to consider the allegations or to grant any relief on the basis of the application. Accordingly, the present application is dismissed pursuant to § 4.