June 10,2015

Abel Acosta
Clerk
Court of Criminal Appeals
P.O. Box 12308
Capitol Station
Austin,Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 23 2015

Abel Acosta, Clerk

Re:Application for Writ of Habeas Corpus
    "Reply to State's Response to Application
    for Writ of Habeas Corpus"
    Writ No. W99-21709-W(C)

Dear Sir:

Will you please file this "Reply to State's Response to Application for Writ

of Habeas Corpus" as part of the record in Writ No. W-99-21709-W(C).I have filed a

second Application for Writ of Habeas Corpus challenging the sentence in this case

and would like to add this as part of the record in the event the State does not send

a copy to the Court of Criminal Appeals.This filing in the 363rd Judicial District

Court of Dallas,Dallas County Texas.

Thank you for your assistance.

Respectfully Submitted,

Joe Trampas Benavides #01812093
Applicant(Appellant),Pro Se
Clements Unit
9601 Spur 591
Amarillo,Texas 79107

## WRIT NO. W99-21709-W(C)

EX PARTE § IN THE 363RD JUDICIAL

§ DISTRICT COURT

JOE TRAMPAS BENAVIDES § DALLAS COUNTY,TEXAS

---

### REPLY TO STATE'S RESPONSE TO APPLICATION FOR WRIT OF HABEAS CORPUS

---

Applicant,Joe Trampas Benavides,respectfully submits that he is entitled to relief pursuant to Tex.Crim.Proc.Code Ann.art. 11.07 § 4(a).In support thereof,the Applicant will show the following:

### I.
### HISTORY OF THE CASE

On January 26,2000,Applicant entered a negotiated plea of guilty to unlawful delivery of cocaine.In accordance with the terms of the plea agreement, the trial court found Applicant guilty of the charged offense and sentenced him to Ten years' confinement,probated for Five years'.

Consequently,on November 1,2002,the trial court revoked the Applicant's probation in this case and sentenced him to Ten years' confinement.On May 16,2003,pursuant to Applicant's motion for shock probation,the trial court placed him on Eight years' Shock probation after 197 days in confinement towards the Ten year sentence in this case.

On March 21,2005,Applicant was convicted of a new offense-Stalking(Case No. F05-00009-IW,Sentence of Nine years').Following his conviction and sentence in the Stalking case,the trial court revoked Applicant's probation in this case and sentenced him to Ten years' confinement on March 25,2005.Although this Ten year sentence had already begun commencement on November 1,2002 and 197 days served towards this sentence,the trial court "added" a cumulation order,ordering this case to run consecutive to the "newer" offense of Stalking.In doing so putting a "hold" on the previous sentence of Ten years' that had begun multiple years prior to the Stalking

(1)

charge.

Applicant appealed the judgements in both this case and in the Stalking case in one appeal.The court of appeals affirmed the judgements.Applicant's first application for writ of habeas corpus,which asserted a claim for pre-sentence time credits was dismissed by the Court of Criminal Appeals.Although it was dismissed the trial court subsequently granted all jail time credits in this case in 2012.Applicant's second habeas application was denied on the merits.This is Applicant's 3rd application for writ of habeas corpus.

## II.
## ISSUES RAISED IN APPLICATION

The State has rejected all Five grounds in Applicant's habeas corpus application as procedurally defaulted.Claiming: Section 4 of article 11.07 bars a court from considering the merits of a subsequent application challenging the same conviction unless the applicant states sufficient specific facts establishing one of the following:(1) the factual basis for the claim was unavailable when the previous application was filed,or (2)"by a preponderance of the evidence,but for the violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt."Tex.Crim.Proc.Code Ann.art. 11.07, § 4(a) (West Supp. 2013);see also,Ex parte McPherson,32 S.W.3d 860,861(Tex.Crim.App.2000). An applicant must state sufficient facts to establish an exception to section 4's procedural bar.See,e.g.,Ex parte Sowell, 956 S.W.2d 39,40(Tex.Crim.app. 1997)(holding that applicant failed to establish an exception to section 4 because application merely tracked statutory language without setting forth sufficient specific facts establishing an exception).

A factual basis for a claim was "unavailable" on the date the previous application was filed if it was not ascertainable through the exercise of due diligence on or before that date.See,Ex parte Lemke, 13 S.W.3d 791,793(Tex.Crim.App.2000). A legal basis for a claim was unavailable if it was not recognized by and could not have been reasonably formulated from a final decision of the United States Supreme Court,a court of appeals of the United States,or a State court of appellate juris-

(2)

diction on or before the date the previous application was filed.Ex parte Sledge, 391 S.W.3d 104,106(Tex.Crim.App. 2013).

In doing so,this is where the State fails.Applicant clearly overcame this procedural bar in his Memorandum In Support Of Application For Writ Of Habeas Corpus.

In **Ground** I,Applicant asserts he received ineffective assistance of counsel. In support thereof it was stated:

Quoting Martinez v. Ryan,132 S.Ct. 1309,182 L.Ed.2d 272,2012 U.S. LEXIS 2317: Where,as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial,the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective assistance claim.This is because the State habeas court "looks to the merits of the claim" of ineffective assistance,no other court has addressed the claim,and "defendants pursuing first-tier review...are generally ill equipped to represent themselves "because they do not have a brief from counsel or an opinion of the court addressing their claim of error.Halbert v. Michigan,545 U.S. 605,617, 125 S.Ct. 2582,162 L.Ed.2d 552(2005):see Douglas,372 U.S.,at 357-358,83 S.Ct. 814,9 L.Ed.2d 811(1963).

As Coleman recognized,an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default;for if the attorney appointed by the State to pursue the direct appeal is ineffective,the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.See[Coleman] 501 U.S.,at 754,111 S.Ct. 2546,115 L.Ed.2d 640;Evitts v. Lucey,469 U.S. 387,396,105 S.Ct. 830,83 L.Ed.2d 821 (1985);Douglas v. California,372 U.S. 353,at 357-358,83 S.Ct. 814,9 L.Ed.2d 811(19-63).Without the help of an adequate attorney,a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim.Claims of ineffective assistance at trial often require investigative work and an understanding of trial strategy.When the issue cannot be raised on direct review,moreover,

(3)

a prisoner asserting an ineffective-assistance-of-trial-counsel claim in an initial-review collateral proceeding cannot rely on a court opinion or the work of an attorney addressing that claim.Halbert,545 U.S.,at 619,125 S.Ct. 2582,162 L.Ed.2d 552.To present a claim of ineffective assistance at trial in accordance with the State's procedures,then,a prisoner likely needs an effective attorney.

The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding.The prisoner,unlearned in the law,may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law.Cf.,e.g.,id.,at 620-621,125 S.Ct. 2582, 162 L.Ed.2d 552(describing the educational background of the prison population).While confined to prison,the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance,which often turns on evidence outside the trial record.

Indeed,the right to counsel is the foundation of our adversary system.Defense counsel tests the prosecution's case to ensure that the proceedings serve the function of adjudicating guilt or innocence,while protecting the rights of the person charged.See,e.g.,Powell v. Alabama,287 U.S. 45,68-69,53 S.Ct. 55,77 L.Ed. 158(1932), ("[The defendant] requires the guiding hand of counsel at every step in the proceedings against him,without it,though he be not guilty,he faces the danger of conviction because he does not know how to establish his innocence").Effective trial counsel preserves claims to be considered on appeal,see,e.g.,Fed.Rule Crim.Proc. 52(b),<132 S.Ct. 1318> and in federal habeas proceedings,Edwards v. Carpenter,529 U.S. 446,120 S.Ct. 1587,146 L.Ed.2d 518(2000)...From this it follows that,when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding,a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.The first is where the State courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.The second is where appointed counsel in the initial-review collateral proceeding,where the claim should have been raised,was ineffective under the standa-

rds of Strickland v. Washington,466 U.S. 668,104 S.Ct. 2052,80 L.Ed.2d 674(1984).To overcome the default,a prisoner must also demonstrate that the underlying ineffective-of-trial-counsel claim is a substantial one,which is to say that the prisoner must demonstrate that the claim has some merit.Cf.Miller El v. Cockrell,537 U.S. 322, 123 S.Ct. 1029,154 L.Ed.2d<132 S.Ct. 1319>931(2003)(describing standards for certificates of appealability to issue).

To succeed on a claim of ineffective assistance of counsel,a defendant must show that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington,466 U.S. 668,686,104 S.Ct. 2055,2063(1984).Such a standard can be applied to investigating potential defense,failing to object to statements of the prosecutor,and other related investigatory issues.In order to prevail on an ineffective assistance of counsel claim,a petitioner must satisfy Strickland's two-prong test.The Court held that a defendant must demonstrate that the representation he received "fell below an objective standard of reasonableness" and he must establish "a reasonable probability that but for counsel's unprofessional errors,the results of the proceedings would have been different." Id. at 688,694,104 S.Ct. at 2065,2068; Tijerina v. State, 921 S.W.2d 287(Tex.App.-Corpus Christi 1996).

The Texas Court of Criminal Appeals adopted this standard in Hernandez v. State,726 S.W.2d 53,57(Tex.Crim.App. 1986),and recently applied it in Thompson v. State 9 S.W.3d 808,812(Tex.Crim.App. 1999).The Strickland test has two components,both of which must be satisfied to establish that defense counsel's performance was ineffective.First,"the defendant must show that the counsel's performance was deficient." "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment.Second,the defendant must show that the deficient performance prejudiced the defense and that this deficiency caused him serious harm." See,Strickland,466 U.S. at 687;see also,Thompson, 9 S.W.3d at 812.To make the showing,the defendant must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial,a trial whose resu-

lt is reliable." Id.,at 687.Even an isolated error of counsel may be sufficient to satisfy the Strickland standard if the error is sufficiently egregrious and prejudicial.Murray v. Carrier,477 U.S. 478(1986).

When evaluating an ineffective assistance claim,the Court looks at the totality of the representation and the particular circumstances of the case.See,Thompson, 9 S.W.3d at 812.An allegation of ineffectiveness must be firmly founded in the record,and the record must also affirmatively show the alleged deficient performance.See id.,at 813.Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.See,id.

When determining if counsel's trial performance was deficient,the court does not speculate about counsel's strategy.McCoy v. State,996 S.W.2d 896,900(Tex.Cr.App. 1999).There is a strong presumption that trial counsel acted within the wide range of reasonable professional assistance.See,Thompson,9 S.W.3d,at 814.

A defendant has a constitutional right to effective representation at his sentencing hearing.Ex parte Battle,817 S.W.2d 8,83(Tex.Crim.App.1991).Counsel has been found to be ineffective for failure to correct information about the appellant's punishment.In the case of Andrews v. State,159 S.W.3d 98(Tex.Crim.App.2005),the Court found that counsel failed to correct a misstatement regarding the appellant's sentence.Id.,at 103.

Accordingly,under Texas law, "a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed.Such an attempted cumulation order is null and void and of no legal effect." "When a court grants shock probation under the provisions of Art. 42.12,Section 3e,it suspends the execution rather than the imposition of the sentence." In these circumstances,"the defendant actually serves a portion of the sentence. The convicting court may then suspend the execution of the remainder of the sentence." (quoting from Stephens v. State, 2013 Tex.App. LEXIS 3125;see,also O'Hara v. State, 626 S.W.2d 32,at 35).

The Applicant has satisfied the Strickland standard and the record shows a

(6)

violation of his Constitutional rights as guaranteed by the Sixth Amendment to the United States Constitution,overcoming the default and satisfying Section 4 of Article 11.07.

In the instant case,the Applicant suffered from ineffective representation at his sentencing and revocation hearing on March 25,2005.The Applicant's counsel,Michael J. Todd,failed to argue that the Applicant should not be sentenced to Ten years' confinement and a cumulation order could not be added if not originally imposed in the original plea agreement,due to the fact the Applicant had already served a minimum of 197 days towards the Ten year sentence in this case(F99-21709-MW).Michael J. Todd represented the Applicant on November 1,2002,when the Applicant's probation was revoked in this case and he was ordered to serve 180 days in confinement as part of consideration for Shock probation.(Transcript of Plea of Guilty,Revocation Hearing and Sentencing at 33).Michael J.Todd again represented the Applicant on May 16,2003, where the court suspended the execution of the remainder of the Ten year sentence in this case and placed him on Eight years probation.(Return from Shock at 3).Clearly counsel was aware of this fact that the sentence had begun and all backtime granted in this case.The record clearly shows the total of 197 days served towards this sentence from November 1,2002 through May 16,2003.This fact agreed upon and backtime accepted by 363rd Judicial District Court,Dallas County,Texas;Court of Appeals for the Fifth District of Texas at Dallas;and the Court of Criminal Appeals.Accordingly, counsel was ineffective for failing to argue that the Applicant had already served a portion of the Ten year sentence in this case.

Unfortunately,counsel failed to present such an argument,instead permitting the prosecution's case to go unchallenged.Thus,allowing the Applicant to receive an unduly harsh and unfair sentence.Such is not an example of trial strategy,but an example of a lack of any stategy.

Counsel's actions clearly"fell below an objective standard of reasonableness." See Strickland,104 S.Ct. at 2065,2068.It is hard to imagine any reasonable basis why counsel failed to argue that the Applicant had already served 197 days in this case.

(7)

Furthermore,it should be noted that the Applicant does not argue the Ten year sentence or the conviction in this case.He merely argues the cumulation order handed out on March 25,2005.That it could not have been "added" once the sentence had already begun in this case.

Had defense counsel made the court aware of this fact at sentencing,the result of the Applicant's sentence would have been different.Therefore,trial counsel was ineffective under the Strickland standard and in violation of the Applicant's Sixth Amendment Rights of the United States Constitution.Accordingly,the cumulation order must be deleted and Applicant granted immediate and unconditional release and/or his case remanded for re-sentencing only.

In **Ground** II,the trial court violated the Applicant's rights as guaranteed by the Fifth Amendment of the United States' Constitution and Article 1 Section 14 of the Texas Constitution in violation of the Double Jeopardy Clause.

One point is particularly worth noting: double jeopardy complaints are not waived simply because the issue was not raised earlier on appropriate occassions.Objections can be raised at any time.A guilty plea does not bar relief from double jeopardy violations.Ex parte Fortune,797 S.W.2d 929(Tex.Crim.App. 1990).Double jeopardy complaints involve fundamental constitutional protections,and points raising the prohibition against double jeopardy are not waived by insufficiently specific objections in the trial court.Ex parte Pleasant,577 S.W.2d 256,257(Tex.Crim.App. 1979); Jones v. State,586 S.W.2d 542,544(Tex.Crim.App. 1979).

The double jeopardy clause of both the Texas and Federal Constitutions protect against three abuses: a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction,and multiple punishments for the same offense.North Carolina v. Pearce,395 U.S. 711,716-17,89 S.Ct. 2072,2076,23 L.Ed.2d 656(1969);Phillips v. State,787 S.W.2d 391,393(Tex.Crim.App. 1990).The United States and Texas Constitutions protect the accused from attempts to secure additional punishment after a prior conviction and sentence.Brown v. Ohio,432 U.S. 161, 165-66,97 S.Ct. 2221,2225-26,53 L.Ed.2d 187(1977);Cervantes v. State,815 S.W.2d 569,

(8)

573-74(Tex.Crim.App. 1991).

Quoting from Stephens v. State,2013 Tex.App. LEXIS 3125:"When a court grants shock probation under the provisions of [article] 42.12,[section] 3e,it suspends the execution rather than the imposition of the sentence." O'Hara v. State 626 S.W.2d 32, 35(Tex.Crim.App. 1981).In these circumstances,"the defendant actually serves a portion of the sentence.The convicting court may then suspend the execution of the remainder of the sentence."Id. It follows,therefore,that a new sentence is not imposed or executed if the probation is revoked;instead,the suspension of the execution of the sentence is lifted,and the defendant continues to serve his previously ordered sentence.See,Id.A cumulation order increases the length of the term of a sentence; therefore,in the context of a shock probation revocation,a cumulation order violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and article 1,section 14 of the Texas Constitution by inflicting additional punishment on a defendant who has already started serving a sentence for the same offense. See,Ex parte Reynolds,462 S.W.2d 605,607(Tex.Crim.App. 1970);see also,Van Nguyen v. State,Nos.01-01-01132-CR,01-01-01222-CR,2002 Tex.App. LEXIS 8581,at *3(Tex.App.-Houston[1st Dist.]Dec. 5,2002,pet.ref'd)(mem.op.,not designated for publication).

Accordingly,under Texas law,"a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed.Such an attempted cumulation order is null and void and of no legal effect." O'Hara v. State,626 S.W.2d at 35.

This Court has consistently recognized and applied the rule in O'Hara. See, Gonzalez v. State,683 S.W.2d 791,792(Tex.App.-Corpus Christi 1984,no pet.) (finding that a trial court violated the double jeopardy clause by holding a hearing after a defendant had already entered a plea of guilty and citing Gonzalez as an example of how double jeopardy limits the power of courts after a sentence is imposed).For example,in Gonzalez,we set aside a cumulation order when appellant's probation has been revoked and his sentence,which he started serving prior to being[on] probation, had initially been ordered to run concurrently.Gonzalez,683 S.W.2d at 792.

The caselaw makes it clear that Applicant can seek relief by direct appeal or

(9)

writ of habeas corpus because "a defect which renders a sentence void may be raised at any time." Ex parte Beck,922 S.W.2d at 182(citing Heath v. State,817 S.W.2d 335, 336(Tex.Crim.App. 1991)(opinion on original submission));see also,Ex parte Miller, 921 S.W.2d at 239;Ex parte White,659 S.W.2d 434,435(Tex.Crim.App. 1983);Ex parte Mc-Iver,586 S.W.2d at 854;Ex parte Harris,495 S.W.2d 231,232(Tex.Crim.App. 1973). In fact, "there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence," no matter when or how the relief was sought.Mizell v. State,119 S.W.3d at 806.A void judgement is a "nullity" and can be attacked at any time.Ex parte Patterson,969 S.W. 2d 16,19(Tex.Crim.App. 1998).

Jeopardy attaches in a non-jury trial when the accused enters a plea to the indictment in open court.State v. Torres,805 S.W.2d 418,421(Tex.Crim.App. 1991);Ortiz v. State,885 S.W.2d 271,274(Tex.App.Corpus Christi 1994 pet. granted).

In the instant case it is clear and agreed upon by the State that the Applicant entered a negotiated plea of guilty on January 26,2000 to the offense of unlawful delivery of cocaine.In accordance with the terms of the plea agreement,the trial court found applicant guilty of the charged offense and sentenced him to Ten years' confinement,probated for Five years.

Consequently, on November 1,2002,the trial court revoked Applicant's probation in this case and sentenced him to Ten years' confinement.On May 16,2003,the trial court suspended the execution of the Applicant's Ten year sentence in this case and placed him on Eight years' "Shock" probation.This after a period of 197 days incarcerated in Dallas County Jail and TDCJ.

The State agrees the record clearly shows these events took place and backtime awarded for these days to this case.Where the State disagrees that this is not a violation of the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and Article 1,Section 14 of the Texas Constitution.The caselaw clearly shows at no time did the trial court have authority to "add" a cumulation order cause it was not a part of the original plea agreement or the possibility of adding a cumulation order

(10)

in the event the shock probation in this case were violated by the Applicant.

The Applicant has satisfied the rule in O'Hara and overcome the procedural default in Section 4 of Article 11.07 in showing that jeopardy attached when Applicant entered a plea of guilty in open court on January 26,2000.Thus,the trial court violated the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution "twice" in attempting to secure additional punishment and multiple punishments after Applicant entered a plea of guilty and punishment suffered on November 1,2002 through May 16,2003.See,North Carolina v. Pearce,395 U.S. 711,716-17;see also,Brown v. Ohio, 432 U.S. 161,165-66.

The trial court had no authority to modify the Applicant's Ten year sentence in this case upon revocation of "Shock" probation; "instead,the suspension of the execution of the sentence is lifted,and the defendant continues to serve his previously ordered sentence." See,Stephens,2013 Tex.App. LEXIS 3125.

As noted previously,the Applicant does not argue the Ten year sentence or the the conviction in this case.He merely argues the cumulation order handed out on March 25,2005 was not authorized by law and violated constitutional law.Namely the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and Article 1, Section 14 of the Texas Constitution.

Therefore,the Applicant respectfully submits that the cumulation order in this case must be **DELETED** and Applicant granted his immediate and unconditional release; and/or his case be remanded for re-sentencing only.

In **Ground III**, the trial court violated the plea agreement that was entered into on January 26,2000,when it entered a cumulation order at a later date after the sentence and conviction in this case was handed down and punishment suffered on November 1,2002 through May 16,2003.Cumulation order entered on March 25,2005 upon revocation of "Shock" probation.In support thereof,the Applicant has shown the following:

If a plea of guilty is obtained pursuant to a Plea Agreement the applicant may obtain relief via habeas corpus if the State fails to abide by the terms of the

(11)

agreement.Ex parte Green,644 S.W.2d 9(Tex.Crim.App.1983).This is so even the enforcement of the terms of the agreement are beyond the jurisdiction of the trial court or, for that matter the Court of Criminal Appeals.Ex parte Rogers,629 S.W.2d 741(Tex. Crim.App. 1982)1982 Tex.Crim.App. LEXIS 972.Quoting Ex parte Rogers,supra, "When a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain,the State is bound to carry out its side of the bargain.De Russe v. State,579 S.W.2d,224 (Tex.Crim.App. 1979).If the prosecution does not live up to its part of the plea bargain and such bargain was used as an inducement for the guilty plea,doubt is raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary.Bass v. State,576 S.W.2d 400(Tex.Crim.App. 1979).When the court loses jurisdiction so as to bar enforcement of a plea bargaining agreement,doubt is also raised as to whether a guilty plea under such circumstance can be regarded as truly voluntary. The appropriate relief for the failure to keep a plea bargain,is either specific enforcement of the agreement,or withdrawal of the plea,depending upon the circumstances of each case.Joiner v. State,578 S.W.2d 739(Tex.Crim.App.1978).

Quoting from Perkins v. Court of Appeals for the Third Supreme Judicial District of Texas at Austin,738 S.W.2d 276;1987 Tex.Crim.App. LEXIS 654: "In the mandamus that Le brought against Relator in the court of appeals,that court held that when Relator approved the plea bargain agreement,as to a "cap" on the punishment that would ultimately be assessed,Relator was then legally bound to carry out the terms of the agreement,subject to assessing something less than the agreed upon "cap" on punishment.The court of Appeals cited and relied upon this court's decision of Ex parte Williams,637 S.W.2d 943(Tex.Crim.App. 1982),as authority,which we agree is on point.

In Ex parte Williams,supra,this Court discussed and summarized the case law <738 S.W.2d 283> with respect to the subject of plea bargaining in the criminal justice system of this State.We will not repeat here what was stated therein except the following:When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise....Once the court[announces that,it will be bound by the plea bargain agr-

(12)

eement],the State is bound to carry out its side of the bargain....Likewise,the defendant is bound to carry out his side of the bargain.."(947)

As quoted in Perkins,738 S.W.2d at 281(1987 Tex.Cr.App. LEXIS 654): "We agree with the court of appeals' holding that once Relator accepted Le's plea of guilty and approved the plea bargain agreement,under our law,he clearly was without any authority or power to do other than specifically enforce the agreement,except that he could have assessed a lesser punishment than the agreed upon maximum "cap" on the punishment that would ultimately be assessed."

As previously pointed out,under [Texas] law,when a defendant enters a plea of guilty or nolo contendere pursuant to a plea bargain agreement with the prosecutor, and the plea is accepted and the agreement is approved by the trial judge,the defendant is entitled to specific enforcement if the agreement can be forced,or, if not enforcable,is entitled to withdraw his plea.See,for example,Ex parte Williams,supra; see also,Ex parte Huerta,629 S.W.2d 681(Tex.Crim.App. 1985);Ex parte Chandler,684 S.W.2d 700(Tex.Crim.App. 1985);Ex parte Burton,623 S.W.2d 418,419(Tex.Crim.App.1981); De Russe v. State,579 S.W.2d 224(Tex.Crim.App.1979);Bass v. State,576 S.W.2d 400(Tex. Crim.App.1979);and Joiner v. State,578 S.W.2d 739(Tex.Cri.App.1979).

In the instant case,the record is clear that Applicant with his attorney,entered into a plea bargain agreement with the prosecutor,wherein Applicant agreed to plead guilty in exchange for a recommendation from the prosecutor,that Applicant be granted Five years "Regular" probation with a suspended "cap" of Ten years in the Texas Department of Criminal Justice as to the maximum possible punishment that would be assessed in the event Applicant violates said probation.No cumulation order was agreed upon in the event Applicant violates said probation,even though Applicant's Ten year sentence in Case No.F99-21709-MW was agreed upon with three other cases(F99-21708-W,F99-21710-W,and F02-34673-W).Not more than Ten years could be assessed,with the possibility that if the presentence investigation report turned out favorable to Applicant,trial court might possibly assess punishment at less than the agreed upon "cap." The plea bargain agreement was in all things approved by the trial court and

(13)

announced in open court on January 26,2000.

The record does not reflect that the Applicant has ever complained that his plea of guilty was other than knowingly,intelligently and willingly entered,nor does the record reflect that he has ever expressed any dissatisfaction with the plea bargain that he and his attorney entered into with the prosecutor.Applicant has attempted through letters to his attorney,the trial judge,and Application for Writ of Habeas Corpus for the courts to delete the cumulation order.Attempting to show the trial judge had no authority to stray from the original plea bargain agreement on March 25, 2005;when the trial judge "added" the cumulation order.The record clearly shows that the plea bargain agreement was signed and agreed upon in open court on January 26, 2000.No part of the plea bargain agreement contained a cumulation order or the possibility that the trial judge could "add" one or inflict additional punishment beyond the Ten years' originally imposed in the event the Applicant violated the probationary terms of the agreement.

Thus,the Applicant respectfully submits the act to be sought here is ministerial and not discretionary in nature.Asking the Court to **DELETE** the cumulation order and enforce the original plea bargain agreement announced on January 26,2000;showing a sentence of Ten years' in confinement "concurrent" with all other sentences.Therefore,granting Applicant immediate and unconditional release and/or his case be remanded for re-sentencing only.

In **Ground IV**,the trial court subjected the Applicant to cruel and unusual punishment when it added the cumulation order on March 25,2005. In support thereof,he has shown the following:

The Eighth Amendment to the United States Constitution prohibits criminal courts from requiring excessive bail,imposing excessive fines,or inflicting cruel and unusual punishment.The final clause prohibits not only barbaric punishments,but also sentences that are disproprtionate to the crime committed.See also,Solem v. Helm,463 U.S. 277,284,103 S.Ct. 3001,3006,77 L.Ed.2d 637(1983).

"When a court grants shock probation under the provisions of Art. 42.12,Sect-

(14)

ion 3e,V.A.C.C.P.,it suspends the execution,rather than the imposition of the sentence.The defendant actually serves a portion of the sentence.The convicting court may then suspend the execution of the remainder of the sentence.We have held that a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed.Such an attempted cumulation order is null and void and of no legal effect."O'Hara v. State,626 S.W.2d 32,35(Tex.Crim.App.1981).

"If applicant has been incarcerated past his presumptive discharge date,this is no longer a time credit claim but an illegal confinement claim."Ex parte Ybarra, 149 S.W.3d 147,148,n.2(Tex.Crim.App.2004).

"Even one day in prison would be a cruel and unusual punishment for the 'crime' of having a common cold."Robinson v. California,370 U.S. 660,667,82 S.Ct. 1417, 1420,8 L.Ed.2d 758(1962). "In appropriate cases" the principles of comity and finality that inform the concepts of cause and prejudice "must yield to the imperative of correcting a fundamentally unjust incarceration."Engle v. Isaac,456 U.S.,at 135, 102 S.Ct. at 1576(1982). "And because that constitutional error clearly and concededly resulted in the imposition of an unauthorized sentence,it also follows that respondent is a 'victim of a miscarriage of justice,'Wainwright v. Sykes,433 U.S. 72,91,53 L.Ed.2d 594,97 S.Ct. 2497(1977),entitled to immediate and unconditional release."

In the instant case,the record clearly shows Applicant was sentenced to Ten years' confinement,probated for Five years as a part of a plea bargain agreement on January 26,2000.The record also shows Applicant suffered punishment of 30 days,as a condition of probation,in confinement.Another 45 days in confinement ordered in June 2000,served between July 14,2000 through August 27,2000.Again,197 days in confinement as part of "Shock" probation consideration from November 1,2002 through May 16, 2003.Also all backtime in Dallas County Jail(Dallas,Tx.),Roosevelt County(Wolf Point, Mt.),and Clark County(Las Vegas,Nv.).Also concurrent with this case in TDCJ-State Jail with three other cases(F99-21708-W,F99-21710-W,and F02-34673-W) from May 17,2003 through April 28,2004.With all pre-sentence jail time Applicant accredited with a

(15)

total of Two(2) years,Seven(7) months,and Twenty-Two(22) days towards the Ten year' in this case prior to the cumulation order announced in open court on March 25,2005. Clearly showing this sentence of Ten years had commenced.(See Exhibits A,B,and C).

By "adding" the cumulation order at this time,this is where the trial court inflicted "cruel" and "unusual" punishment.Since this sentence had begun prior to it being "stacked" onto the newer sentence of Nine years the cumulation order was "unusual" in the fact it placed the Ten year sentence in this case on "hold" only to be commenced at a later date.There has never been a case under Texas law or Federal law for that matter where a trial court "stopped" a sentence after it has begun only to start another and begin the "first" all over again.It constituted "cruel" punishment in the fact that had the trial court left the sentence in this case "concurrent" as originally imposed the Applicant would have been released from prison on August 29, 2013.Having inflicted this "cruel" punishment the Applicant has now been incarcerated for a total of 650 days "extra" ..."past his presumtive discharge date" as of the 10th day of June 2015 and counting.See Ex parte Ybarra,id.,at 148,n.2(Tex.Crim.App. 2004).

Due to the cumulation order added at this later date the Applicant has shown a constitutional violation,satisfying the default in Section 4(a) of Art. 11.07. As shown in the record that the trial court violated his rights as guaranteed by the Eighth Amendment to the U.S. Constitution in inflicting "cruel and unusual punishment."

As noted before,Applicant does not argue guilt or the conviction in this case, merely that trial court did not have the authority to add acumulation order onto the Ten year sentence in this case.Furthermore,it is a ministerial duty to be performed in **DELETING** the cumulation order and enforcing the original plea bargain agreement.

The Applicant respectfully submits that the Court order the cumulation order to be **DELETED,** Granting Applicant his immediate and unconditional release and/or his case be remanded for re-sentencing only.

In **Ground V,**the Applicant argues the trial court subjected him to an illegal/

(16)

void sentence.In support thereof,he has shown the following:

Quoting Ex parte Rich,194 S.W.3d 508(Tex.Crim.App.2006):Under Article 11.07 of the Texas Code of Criminal Procedure,post conviction habeas relief is available for claims involving jurisdictional defects and violations of fundamental or constitutional rights.See,Ex parte McCain,67 S.W.3d 204,210(Tex.Crim.App.2002).We have held that a claim of an illegal sentence is cognizable on a writ of habeas corpus.Mizell v. State,119 S.W.3d 804,806(Tex.Crim.App.2003);Ex parte Pena,71 S.W.3d,at 336-37; Ex parte Beck,922 S.W.2d 181,182(Tex.Crim.App.1996);Ex parte McIver,586 S.W.2d 851, 854(Tex.Crim.App.1979).

The caselaw makes it clear that applicant can seek relief by direct appeal or writ of habeas corpus because "a defect which renders a sentence void may be raised at any time."Ex parte Beck,922 S.W.2d,at 182(citing Heath v. State,817 S.W.2d 335,336 (Tex.Crim.App.1991)(opinion on original submission));see also,Ex parte Miller, 921 S.W.2d,at 239;Ex parte White,659 S.W.2d 434,435(Tex.Crim.App.1983);Ex parte McIver, 586 S.W.2d,at 854;Ex parte Harris,495 S.W.2d 231,232(Tex.Crim.App.1973). In fact, "there has never been anything in Texas law that prevented any court with jurisdiction over a criminal case from noticing and correcting an illegal sentence," no matter when or how the relief was sought.Mizell v. State,119 S.W.3d,at 806.

"When a court grants shock probation under the provisions of Art. 42.12,Section 3e,V.A.C.C.P.,it suspends the execution,rather than the imposition of the sentence.The convicting court may then suspend the execution of the remainder of the sentence.We have held that a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed.Such an attempted cumulation order is null and **void** and of no legal effect."O'Hara v. State,626 S.W.2d 32,at 35(Tex.Crim.App.1981).

A void judgment is a "nullity" and can be attacked at any time.Ex parte Patterson,969 S.W.2d 16,19(Tex.Crim.App.1998).This Court will grant habeas corpus relief to a person in custody under a sentence which is void because the punishment is unauthorized.Ex parte Harris,495 S.W.2d 231(Tex.Crim.App.1973).Where void sentence is

(17)

obtained,court must first attempt to specifically reform any plea.Hooks v. State,838 S.W.2d 643(App. 2 Dist.1992).See also,Vance v. State,970 S.W.2d 130(Tex.App.-Dallas 1998);Tex.Code Crim.Proc.Art. 37.10(b)(Vernon's Supp.1998).

In the instant case,the Applicant was sentenced to Ten years confinement that was suspended for Five years probation on January 26,2000 as part of a plea bargain agreement.Upon subsequent revocation hearing on November 1,2002,the trial court revoked the Applicant's probation in this case and sentenced him to Ten years' confinement.Trial court would consider "Shock" probation in 180 days.On May 16,2003 trial court granted "Shock" probation and suspended the execution of Applicant's Ten year sentence in this case.

On March 25,2005 trial court revoked Applicant's "Shock" probation in this case and lifted the suspension of his Ten year sentence again ordering him to Ten years' confinement.Trial court then added a cumulation order,ordering the Ten year sentence in this case to "commence" after the Nine year sentence in the newer case of Stalking.This cumulation order coming clearly after Applicant's sentence of Ten years had already begun.For some inexplicable reason the 197 days served in this case from November 1,2002 through May 16,2003 was ignored by the trial court.

Court records showing the addition of a cumulation order onto this sentence was not authorized by law...."a court may not add a cumulation order onto a sentence already imposed after a defendant has suffered punishment under the sentence as originally imposed.Such an attempted cumulation order is null and **void** and of no legal effect.See,O'Hara,626 S.W.2d 32,at 35.Court records show this sentence was imposed multiple times,but most notably on November 1,2002 through May 16,2003.

Thus,satisfying the default in Section 4(a) of Art. 11.07 with the record showing a...."void sentence may be attacked at any time."Ex parte Patterson,969 S.W.2d at 19(Tex.Crim.App.1998).

Therefore,the Applicant respectfully submits that the cumulation order in this case be **DELETED**,Granting Applicant his immediate and unconditional release and/or his case be remanded for re-sentencing only.

## III.

## DUE DILIGENCE

In Wilson v. Beard,426 F.3d 653,at 662(3rd Cir.),as several circuits have held,a petitioner's diligence must merely be "due" or "reasonable" under the circumstances.Applicant believes he has shown:(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or(2) that the failure to consider his claims will result in a fundamental miscarriage of justice.See, Coleman v. Thompson,501 U.S. 722,749-50(1999).The existence of "cause" ordinarily turns on some objective factor external to the petitioner.Id.,at 753(citing Murray v. Carrier,477 U.S. 478,488(1986)).Examples of external impediments include government interference or the reasonable unavailability of the factual or legal basis for the claim.Id.(citing Murray,477 U.S.,at 492).Attorney error that meets the Strickland standards for ineffectiveness constitutes cause for the default.Id,at 753.A petitionerhis conviction constitutes a "fundamental miscarriage of justice" can meet the cause and prejudice.Murray,477 U.S.,at 495-96(citing Engle v. Isaac,466 U.S. 107,135 (1982)).

In the instant case Applicant made numerous attempts to "file" his "Memorandum In Support Of Application For Writ Of Habeas Corpus" to substantiate his "Second" Writ Of Habeas Corpus.Unlearned in the law he filed it "late" instead of filing it along with the original Application For Writ Of Habeas Corpus.Due to the State making a ruling so swiftly he attempted "Reply to State's Response" exactly 10 days after State's Response.

With no response Applicant attempted resolution with Court of Criminal Appeals in requesting his "Memorandum" and "Reply" be added as part of the record.This along with "Motion for Rereview" was denied by Court of Criminal Appeals.Eventually "Second" Writ was denied.

Applicant then tried Federal Habeas under U.S.C. §§ 2241,2254.Respondent has argued the same "procedural default" and Applicant awaits judgement.

Due to Applicant's "extra" days in prison and aware that caselaw is clear on

(19)

his claims having merit and clear constitutional violations he attempted "Original Application For Writ Of Mandamus" with Court of Criminal Appeals,who has jurisdiction under Texas Government Code,Section 22.221(a),(b)(1);to perform a "ministerial" act in ordering the trial court to enforce the original plea bargain agreement that was agreed upon in open court on January 26,2000.Thus,enforcing the Ten years' in confinement with no cumulation order.This also was denied by the Court of Criminal Appeals without written order.

Out of options the Applicant has attempted this "Third" Application For Writ Of Habeas Corpus,which is his second attempt attacking the sentence(cumulation order) not the conviction or guilt.Understanding he has a claim under Constitutional Law he filed this "Third" Application For Writ Of Habeas Corpus along with a "Memorandum" where he has stated conclusions with supporting facts.See,Ex parte McPherson,32 S.W. 3d 860,861(Tex.Crim.App.2000).

Additionally,Applicant believes he has shown in Ground I,"counsel was ineffective" to show "cause" for the default;Ground II and IV were also constitutional violations and..."failure to consider his claims will result in a fundamental miscarriage of justice.See Coleman v. Thompson,501 U.S. 722,749-50(1999).Again excusing the default.And lastly,Grounds III and V,constitute..."government interference" when the trial court circumvented the original plea bargain agreement and put a "hold" on his Ten year sentence when it added the cumulation order.Trial court then later refused to review Applicant's "Memorandum" or "Reply" and "interfered" once again in not sending these items to the Court of Criminal Appeals as part of the record.(See,Murray, 477 U.S ,at 492).These "external impediments are "cause" for the default.

## IV.

## CONCLUSION

In conclusion,Applicant respectfully requests that his Application For Writ Of Habeas Corpus be reviewed on the merits and constitutional violations.In doing so will **DELETE** the cumulation order in this case consistent with the findings of this Court as will see justice in this case.

(20)

## V.

### PRAYER

Wherefore,premises considered,Applicant respectfully Prays that this court grant his Application For Writ Of Habeas Corpus and **Order** the trial court to **DELETE** the cumulation order handed down on March 26,2005.In doing so enforcing the original plea bargain agreement of Ten years' confinement that was agreed upon on January 26,2000 "concurrent" with all other sentences.Thus,granting the Applicant his immediate and unconditional release and/or his case be remanded for re-sentencing only.

Respectfully Submitted,

*Joe Thompas Benavides*
Joe Trampas Benavides #01812093
Applicant(Appellant),Pro Se
Clements Unit
9601 Spur 591
Amarillo,Texas 79107

## VI.

### INMATE"S DECLARATION

I,Joe Trampas Benavides,an the Applicant,Pro Se,and being presently incarcerated in the Texas Department of Criminal Justice,at the Bill Clements Unit, 9601 Spur 591,Amarillo,Texas 79107;declare under penalty of perjury that,according to my belief,the facts stated in the above Application For Writ Of Habeas Corpus are true and correct.

Signed on the _10th_ day of June,2015

*Joe Thompas Benavides*
Joe Trampas Benavides #01812093
Applicant(Appellant),Pro Se

## VII.

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this pleading was sent on the_____day of June,2015 by Certified U.S. Mail to ensure the delivery thereof to Susan Hawk,Dallas County District Attorney at the Frank Crowley Courts Building 133 N.Riverfront Blvd.,LB 19,Dallas,Texas 75207-4399;and Abel Acosta,Clerk,Court of Criminal Appeals,P.O. Box 12308,Capitol Station,Austin,Texas 78711 to be filed as part of the record in this case.

*Joe Thompas Benavides*
Joe Trampas Benavides #01812093
(21) Applicant(Appellant),Pro Se

**Exhibit A**

ENT
DATE 6-1-00 — WH/4 74 Off- 10-06-99
DEPUTY my                                    PROB
NO BOND: ___     BOND AMOUNT $_____

CAUSE NO. F99-21709-MW    F99-21710-MW    F99-21708-MW    _____

THE STATE OF TEXAS    035297 )    <u>CAPIAS ISSUED</u>
vs.                          )    This **15TH** day of **MAY** A.D. 2000
                             )    Honorable Faith Johnson
JOE TRAMPAS BENAVIDES        )    Judge, 363rd District Court

TX 4679331

Defendant DSO #: **0795235**        LAST KNOWN ADDRESS:    **At Large**
DATE OF BIRTH: **06/02/74**         325 Carroll Ave., Grand Prairie, TX
RACE: **W** X MALE _ FEMALE         75052   972-237-9788
HAIR: **black** EYES: **brown**     bus add: Toyota of Dallas, Dallas, TX
HT: **5'8"**  WT: **170** lbs.      972-241-6655
Offense: <u>Unlawful Del. Cont. Sub: Cocaine</u>
         <u>Poss. Cont. Sub: Int. Deliver:Cocaine(2)</u>

To any Sheriff or any Constable of the State of Texas:
YOU ARE HEREBY COMMANDED to take the body of
<u>JOE TRAMPAS BENAVIDES</u> who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable 363rd Judicial District Court of Dallas
County, Texas at the Courthouse, thereof in the City of Dallas,
instanter, then and there to answer **THE STATE OF TEXAS** against the said
<u>JOE TRAMPAS BENAVIDES</u> for violation of the conditions o
probation in Cause No. F99-21709-MW   F99-21710-MW   F99-21708-MW
_____        State of Texas vs. **JOE TRAMPAS BENAVIDES**

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.

        Given under my official seal of said Court of Dallas County, Texas,
            this **15TH** day of MAY A.D. 2000.

ATTEST
Jim Hamlin, District Clerk       Judge, 363rd Judicial
Dallas County, Texas             District Court _ Dallas County, Texas

BY _____
   Deputy

                    SHERIFF'S RETURN

Came to hand this ___15___ day of ___May___
T/F Wolf Point MH            left 3000

RETURNED on this ___22___ day of ___June___ A.D. 20__00__

| | DATE | BY |
|---|---|---|
| I.D. | 5/15/00 | SM |
| Assign | 5/11/00 | |
| Canz | | |
| WRAW | A.D. 20 | |
| TCIC | | |
| NCIC | 5/18 | MJ |
| Rgn | | |
| Rgn | | A.D. 20 00 |

Mileage  $_____
Fees     $_____        Sheriff Jim Bowles, Dallas    County
Total    $_____        By _Woods 191_    Deputy

*Exhibit B*

CAPIAS
070
AGENCY *Metro PP*
TWX SENT *9/2/04*
DATE
BOND AMOUNT *Deposit*

PROBAT~~ION~~

NO BOND: ___    BOND AMOUNT

CAUSE NO. F9921709W

THE STATE OF TEXAS

·038761

vs.

JOE TRAMPAS BENAVIDES

CAPIAS ISSUED
This 28TH day of MAY A.D. 2004
Honorable Faith Johnson
Judge, 363rd District Court

Defendant  DSO #: 0795235
DATE OF BIRTH: 06/02/74
RACE: W  X MALE _ FEMALE
HAIR: black   EYES: brown
HT:  5'8"   WT: 170 lbs.
Offense: Poss. Cont. Sub: Int. Deliver - Cocaine

LAST KNOWN ADDRESS:      At Large
325 Carroll Ave., Grand Prairie, TX
75052 and 5065 N FM 148, Crandall, TX
75114  972-427-8768 work - ABC
Electric, Dallas, TX 972-933-0061

To any Sheriff or any Constable of the State of Texas:
YOU ARE HEREBY COMMANDED to take the body of
JOE TRAMPAS BENAVIDES          who has been charged by indictment for a
felony offense and placed on probation, and him safely keep so that you
have him before the Honorable 363rd Judicial District Court of Dallas
County, Texas at the Courthouse, thereof in the City of Dallas,
instanter, then and there to answer THE STATE OF TEXAS against the said
JOE TRAMPAS BENAVIDES          for violation of the conditions of
probation in Cause No. F9921709W
State of Texas vs. JOE TRAMPAS BENAVIDES

HEREIN FAIL NOT, but have you then and there this Writ, showing how
you have executed the same.

Given under my official seal of said Court of Dallas County, Texas,
this 28TH day of MAY A.D. 2004.

ATTEST
Jim Hamlin, District Clerk
Dallas County, Texas

By _____
Deputy  R. LISTON

Judge, 363rd Judicial
District Court _ Dallas County, Texas

Assign
WRAW
TCIC
NCIC
Rem
Post

SHERIFF'S RETURN

Came to hand this 28 day of MAY A.D. 2004

7/2 Las Vegas, NV. Rt: 2300 miles

RETURNED on this 14 day of September A.D. 2004

Mileage  $_____
Fees     $_____
Total    $_____

Sheriff Jim Bowles, Dallas County
By_____ Deputy
#463

38

**Exhibit C**

## ORDER MODIFYING
## THE CONDITIONS OF PROBATION

233/45

IN THE 363rd JUDICIAL DISTRICT
COURT, DALLAS, TEXAS

THE STATE OF TEXAS

VS.                    CAUSE NO.

JOE TRAMPAS BENAVIDES      F9921708W      JANUARY TERM 2000
                       F9921709W
                       F9921710W

In accordance with the authority conferred by the Community Supervision law of the State of Texas, the Conditions of Community Supervision in the above numbered cause(s) are hereby modified by the Court to require the following:

(q) Submit to a period of detention in Dallas County Jail for a term of 45 days, starting _____

(r) Reimburse the Dallas County Sheriff's Department for transportaion costs in the amount of $210.00 for return from other jurisdiction. Payments are to be paid through the supervision Officer of this Court at the rate of $100.00 par month. First payment is due by the first day of the next month and a like payment is due thereafter until paid in full.

(s) Defendant will comply with the directives of the Specialized Supervision Unit (SSU) conducted by the Dallas County Community Supervision and Corrections Department; said program is requested to be not less than 6 months or as otherwise notified. Report as directed by written notice, including weekly.

The Court has the authority at any time during the period of probation to revoke your probation for violation of any of the conditions of your probation including those set out above.

Witness our signature this 27TH day of _____ JUNE _____ 2000

                                         Judge

GWEN BROADNAX
Probation Officer

### WAIVER OF HEARING

Comes now the defendant in the above numbered and styled cause(s) and states that I do hereby agree with the modification of the conditions of community supervision as set forth above and/or attached.

THE STATE OF TEXAS
COUNTY OF DALLAS           JUNE 27, 2000

_Joe Benavides_          I, Jim Hamlin, District Clerk of     Date
probationer          Dallas County, Texas, do hereby certify
                    that the foregoing is a true and correct
                    copy to the same appears of record now
                    on file in my office.

                    Witness my _____
                    office this _____

                    JIM HAMLIN, DISTRICT CLERK
                    Dallas County, Texas

                    Deputy